**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

_____
                                                    )
Y.F., individually and as next of friend      )
of minor C.F., and                               )
A.R., individually and as next of friend     )
of minor X.G,                                       )
                                                    )
      Plaintiffs,                              )
                                                    )
v.                                                  )          Civil Case. No. 1:15-cv-00510-PB
                                                    )
WILLIAM L. WRENN,                           )
COMMISSIONER, NEW HAMPSHIRE    )
DEPARTMENT OF CORRECTIONS, in   )
his official and individual capacities,        )
                                                    )
      Defendant                              )
_____)

**JOINT MOTION TO APPROVE SETTLEMENT**
**(Hearing not requested)**

The parties have agreed to resolve the legal issues in this case.  As Plaintiffs include two minors, the parties hereby jointly move this Court to approve the terms of the settlement per the terms listed below under Local Rule 17.1.  The parties do not believe that a hearing is necessary. In further support, the parties state as follows:

1.     Effective May 1, 2015, the New Hampshire Department of Corrections imposed a new incoming mail policy that is memorialized in Policy, Procedure, and Directive ("PPD") 5.26(IV)(B). This incoming mail policy barred "any drawings … or other depictions" (including those in ink or pencil), as well as all "greeting cards" and "postcards from particular locations or featuring any type of printed design, picture, or depiction."

2.     On December 18, 2015, Plaintiffs filed this lawsuit challenging this policy as violating the First and Fourteenth Amendments.

3.      Following the filing of this lawsuit, the NHDOC amended the policy effective February 1, 2016. The amended policy continued to ban all "original drawings" and "pictures" (including those in ink or pencil), all incoming "greeting cards," and all incoming "postcards from particular locations or featuring any type of printed design, picture, or depiction." Plaintiffs continued to maintain that this policy violated the First and Fourteenth Amendments. Defendants disputed Plaintiffs' claim, and discovery proceeded.

4.      The parties have agreed to resolve this lawsuit.

5.      As part of this settlement, the Defendant New Hampshire Department of Corrections has agreed to change its incoming mail policy to reflect the terms attached as *Exhibit A*.  Under this new incoming mail policy, among other things, prisoners will be allowed certain types of original handwritten drawings and pictures that are done in pen or pencil.  As a result, the new policy will continue to ban handwritten drawings and pictures that contain markers, crayons, colored pencil, glitter, chalk, lipstick, or adhesive material.  These precautions exist in an effort to prevent Suboxone from being smuggled into prison facilities through the mail. Greeting cards will continue to be prohibited under the new policy.

6.      In return for this policy change, Plaintiffs will—upon Court approval and upon the final implementation of the mail policy change described above—file a joint Stipulation of Dismissal dismissing their claims against Defendant without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), with the parties bearing their respective costs, attorneys' fees, and expenses, and with the parties reserving all of their rights.

7.      Pursuant to Local Rule 17.1, attached as *Exhibit B* is a signature page executed by the minor Plaintiffs' next of friend seeking approval of the settlement.  A portion of this exhibit has been redacted, with an unredacted copy filed under seal to protect the identity of a minor in

this case.

       8.      As this case is not settling for an amount equal to or less than $10,000 under New

Hampshire Superior Court Rule 40 and Plaintiffs are New Hampshire residents, the parties

believe that no further information is required.

      WHEREFORE, the parties ask this Court to approve the settlement terms addressed

above.

| | |
|---|---|
| WILLIAM L. WRENN | Y.F., C.F., A.R., and X.G., |
| By his attorney, | By their attorneys, |
| GORDON MACDONALD | |
| Attorney General | |

| | |
|---|---|
| */s/ Seth M. Zoracki* | */s/ Gilles R. Bissonnette* |
| Seth M. Zoracki, Bar No. 267887 | Gilles R. Bissonnette, Esq. |
| Attorney | ACLU of New Hampshire |
| Lynmarie C. Cusack, Bar No. 11266 | 18 Low Avenue |
| Senior Assistant Attorney General | Concord, NH 03301 |
| New Hampshire Department of Justice | gilles@aclu-nh.org |
| 33 Capitol Street | |
| Concord, New Hampshire 03301-6397 | Edward Sackman, Esq. |
| (603) 271-3650 | Bernstein, Shur, Sawyer & Nelson, P.A. |
| seth.zoracki@doj.nh.gov | Jefferson Mill Building |
| lynmarie.cusack@doj.nh.gov | 670 North Commercial Street, Suite 108 |
| | P.O. Box 1120 |
| | Manchester, NH 03105 |
| | nsackman@bernsteinshur.com |

Dated: September 8, 2017

## CERTIFICATE OF SERVICE

I, Gilles Bissonnette, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  On the date of this filing, a copy of this document has also been sent by email to the following:

> Lynmarie C. Cusack (lynmarie.cusack@doj.nh.gov)
> Seth M. Zoracki (Seth.Zoracki@doj.nh.gov)
> New Hampshire Department of Justice
> 33 Capitol Street
> Concord, NH 03301

*/s/ Gilles Bissonnette*
Gilles Bissonnette
